IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ARCHIE, #301869<br>        Petitioner | \* | |
| v. | \* | CIVIL ACTION NO. AMD-05-1361 |
| NANCY L. ROUSE, et al.<br>        Respondents | \* | |
| | \*\*\* | |

MEMORANDUM

Now pending before the court is Michael Archie's 28 U.S.C. § 2254 petition for writ of habeas corpus and the State's Answer. Paper Nos. 1 & 11. After review of these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)((2). For reasons to follow, the petition will be denied and dismissed with prejudice.

I. PROCEDURAL HISTORY

On October 27, 2000, petitioner was charged by criminal information in the Circuit Court for Washington County, Maryland, with possession with intent to distribute cocaine and obstructing and hindering a police officer. Paper No. 11, Ex. 1. The facts adduced at trial, as described by the Maryland Court of Special Appeals on direct appeal, were as follows:

> On August 15, 2000, Deputy Weaver, Washington County Sheriff's Office, observed a person on the street make what she believed to be hand-to-hand contact with a passenger in a white Chrysler. After the person on the street walked away, Deputy Weaver observed the person had something in his hand, which she believed to be currency.
>
> Subsequently, when the Chrysler passed Deputy Weaver, she observed that the driver was not wearing a seat belt and that a brake light on the vehicle was inoperable. Deputy Weaver stopped the vehicle and identified the driver as Leroy Allen Gatrell. Appellant was in the front passenger seat. Deputy Weaver asked Gatrell if she could search the vehicle and he replied "Do what you want."

>  Another officer arrived and stood with the occupants of the vehicle while Deputy Weaver searched the vehicle. Under an arm rest between the front driver and passenger seats, she found a towel and in it a baggie containing "small tan substances." Deputy Weaver approached the other officer, nodded, and stated that she was going to search the car further. Appellant ran away but was arrested three to four days later.
>
> Appellant testified that a third person had been in the vehicle but got out shortly before they were stopped by Deputy Weaver. He also testified that he had no knowledge of any controlled substances in the vehicle. The substance found in the vehicle was identified as cocaine.

Paper No. 11, Ex. 6 at 1-2.

Following a bench trial conducted on April 3, 2001, Circuit Judge John H. McDowell convicted petitioner of the possession count.[1]  *Id.*, Ex. 2 at 78. Petitioner was sentenced to 15 years confinement, 10 years to be served without parole. *Id.*, Ex. 3.

On direct appeal, petitioner argued that the evidence was insufficient to support his conviction. *Id*, Exs. 4 & 5. On January 17, 2002, the Court of Special Appeals of Maryland affirmed the conviction. *Id.*, Ex. 6. The Court of Appeals of Maryland denied certiorari. *Id.*, Ex. 7.

Petitioner filed his original pro se post-conviction petition on June 28, 2002, and twice amended his petition. *Id.*, Exs. 8, 10, & 11 . The petition was heard before Circuit Judge Donald E. Beachley on December 8, 2003. *Id.*, Ex. 13. Judge Beachley recognized the following ineffective assistance of counsel grounds for review:

> (1) trial counsel's failure to make a motion to recuse after the trial judge accepted petitioner's guilty plea to one of the charges stemming from the underlying incident;

---

[1] Petitioner entered a guilty plea to the obstruction and hindering charge. Paper No. 11, Ex. 2. Judge McDowell, however, found at sentencing that there was "no appropriate foundation for an obstruction of justice conviction," and changed the guilty plea to a finding of not guilty to the obstruction of justice charge. *Id.*, Ex. 3 at 14-15.

    (2)       trial counsel's failure to investigate and present evidence of whether another individual (Gatrell), in the automobile where incriminating evidence was discovered, was acting as a confidential informant for the police and/or had made a deal with police to avoid prosecution in exchange for information;

    (3)       trial counsel's failure to interview Gatrell;

    (4)       trial counsel's failure to object to the chain of custody for processing crack cocaine; and

    (5)       trial counsel's general lack of preparation.

Paper No. 11, Ex. 14. On January 30, 2004, Judge Beachley denied post-conviction relief. *Id*. Petitioner's application for leave to appeal was denied by the Court of Special Appeals on September 17, 2004. *Id*., Exs. 15 & 16.

This habeas corpus petition was filed on May 13, 2005. Petitioner's Sixth Amendment ineffective assistance of counsel grounds reiterates the final post-conviction grounds adjudicated in state court. He alleges that counsel failed to:

    (1)       move for recusal after Judge McDowell accepted petitioner's guilty plea;

    (2)       investigate and present evidence as to whether Leroy Gatrell had been acting as a confidential information or had made a deal with the police to avoid prosecution in exchange for information;

    (3)       interview Leroy Gatrell;

    (4)       object to the chain of custody for processing the crack cocaine; and

    (5)       adequately prepare the case.[2]

## II. STANDARD OF REVIEW

Because this petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act

---

[2] Petitioner further argues that the cumulative effects of counsel's errors warrant relief.

("AEDPA").³ *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001). AEDPA modified the federal court's role in habeas proceedings in order to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *See Bell v. Cone*, 535 U.S. 685, 693 (2002). Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*). In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor explained that a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of

---

³There is no allegation that the grounds are time-barred, unexhausted, or otherwise procedurally defaulted. Therefore, the court shall address the claims on the merits.

clearly established federal law was objectively unreasonable." *Id*. at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2534-35 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002).

Further, federal courts must give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary. The applicant has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

With these standards in mind, the court will address the merits of the Petition.

### III.   SIXTH AMENDMENT CLAIMS

To establish a claim of ineffective assistance of trial counsel, petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). With regard to the first prong of this test, this court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. All circumstances are to be considered, and this court's scrutiny of counsel's conduct must be "highly deferential." *Id*. at 688-89. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Failure to Move for Recusal of Trial Judge

Petitioner claims that once Judge McDowell accepted his guilty plea as to the obstruction and hindering count, defense counsel Michael Wilson should have moved for recusal. This precise ground was raised on post-conviction review and dismissed by Judge Beachley. Paper No. 11, Ex. 14.

Judge Beachley observed that Judge McDowell determined that the plea was voluntary, but declined to hear a statement of facts because he wanted to hear the case in chief without being influenced by the statement of charges. *Id*. The post-conviction court noted that Judge McDowell did not have knowledge of the nature of the count nor did he make any comments demonstrating potential bias based on that limited knowledge. Paper No. 11, Ex. 14. Judge Beachley concluded that the trial court made significant efforts to reduce the hint of bias in accepting the guilty plea and that trial counsel could have reasonably assumed that any motion for recusal would not only be denied but may well have aggravated the trial judge who was about to conduct a bench trial. *Id*. He found that counsel's failure to make the motion was not deficient under *Strickland* and that petitioner had failed, in any event, to show prejudice.[4]  *Id*.

After review of the trial and post-conviction transcripts and Judge Beachley's opinion, the court discerns no basis to overturn the post-conviction court's finding. *See* 28 U.S.C. § 2254(d). Prior to the bench trial, petitioner indicated that he wished to proceed to trial as to the possession charge but wanted to enter a guilty plea as to the obstruction and hindering count. Judge McDowell

---

[4] Judge Beachley noted that trial counsel testified at the post conviction hearing that he believed there was sufficient evidence to convict petitioner of the obstruction and hindering count and that petitioner wished to plead guilty to that charge because he believed that such an admission would help his credibility with Judge McDowell. Paper No. 11, Ex. 14 at 9. He concluded that given petitioner's decision, logic dictates that petitioner would not want Judge McDowell to recuse himself because Judge McDowell was the trier of fact who would know about the guilty plea. *Id*.

conducted a colloquy and concluded that the guilty plea had been freely and voluntarily tendered. He then offered the following statement:

> Rather than hearing a statement of charges, because the Court wants to hear the case itself without any . . . you know being influenced as to the statement of charges, I prefer to hear the case and the facts as presented through testimony, if there's no objection.

Paper No. 11, Ex. 2 at 6.

The record shows that Judge McDowell accepted the plea but, in an abundance of caution, declined to hear any facts to support the plea to avoid the a likelihood of the very bias of which petitioner complains.[5]  Given the trial judge's acts in accepting the plea without hearing the facts underlying the charges, and trial counsel's post-conviction testimony in which he explained his tactical decision-making, counsel's failure to move for Judge McDowell's recusal does not constitute deficient performance on the part of defense counsel.  *See Liteky v. United States*, 510 U.S. 540, 554-56 (1994).

Failure to Investigate and Present Evidence of Leroy Gatrell and<br>Failure to Interview Leroy Gatrell

Petitioner claims that defense counsel was ineffective because he failed to investigate and introduce evidence that the driver of the vehicle, Leroy Gatrell, was a confidential informant for the State and had been given a deal in exchange for information. He further complains that Wilson should have interviewed Gatrell.

In his post-conviction decision, Judge Beachley noted that defense counsel had testified that: (1) the State did not intend to call Gatrell as a witness; (2) he had reviewed Gatrell's written

---

[5]Indeed, the record shows that at the May 15, 2001, sentencing, Judge McDowell found petitioner not guilty of obstruction and hindering, notwithstanding the fact that a guilty plea had been tendered as to that charge.  Paper No. 11, Ex. 3.

statement to the police and it was his professional opinion that the statement (and any potential testimony by Gatrell) would be harmful to his client;[6] and (3) Gatrell's attorney, Eric Reed, would not permit Gatrell to speak to him. Paper No. 11, Exs. 13 & 14. Judge Beachley found that given the information available to defense counsel, his decision not to call Gatrell was a "competent tactical decision and hence does not constitute deficient performance under *Strickland*." *Id.*, Ex. 14. He further held that it would have been unethical for counsel to pursue Gatrell directly in light of Reed's prohibition of such contact. Finally, the post-conviction court concluded that the fact that a fellow occupant in a vehicle found to contain cocaine reportedly turned confidential informant for the police did nothing to bolster the defense, and that there was no showing that the verdict would have been different had Gatrell's status been known.[7] *Id.*

Upon an independent review of the transcripts, Judge Beachley's decision does not constitute an unreasonable application of *Strickland* and survives scrutiny under 28 U.S.C. § 2254(d). The post-conviction ruling shall not be overturned.

Failure to Object to Chain of Custody Evidence

Petitioner complains that counsel failed to object to the chain of custody for processing the crack cocaine. This ground was raised on post-conviction review. Judge Beachley noted that petitioner had provided no basis in support of his claim. He concluded that:

> Relief on this allegation is denied. A review of the transcript shows that the evidence (crack cocaine) and chain of custody form corresponding to that evidence was

---

[6]Petitioner's counsel, Wilson, testified that he was concerned that Gatrell had informed police that petitioner knew there were drugs in the car on the night in question and that Gatrell saw petitioner with crack cocaine in his hand while they were in the car. Paper No. 11, Ex. 13.

[7]Petitioner's defense was that he was simply a passenger in Gatrell's car, along for a ride, and had no knowledge of, control over, or possessory interest in the crack cocaine found in the vehicle. Paper No. 11, Ex. 2.

>   procedurally proper. (Tr. at 12-14). The law does not require counsel to do useless or impossible actions. *State v. Jordan*, 22 Md. App. 648 (1974), *rev'd on other grounds*, 275 Md. 495 (1975). Trial counsel had no reason to believe there was a problem with the chain of custody evidence and Petitioner has articulated none. Accordingly, it would have been useless for counsel to object to its admission. Hence, trial counsel's failure to object to the chain of custody is not ineffective assistance.

Paper No. 11, Ex. 14.

Judge Beachley's determination shall not be overturned. His assessment of the evidence adduced at trial is fully supported by the transcript of the proceeding. *Id*., Ex. 2 at 12-14. Title 28 U.S.C. §2254(e) provides that factual findings by a state court are presumed to be correct. A federal habeas corpus petitioner has the burden of rebutting this presumption with "clear and convincing evidence." *Id*. Petitioner has not met this burden. The only evidence he has presented is his own conclusory contention. The post-conviction ruling will not be second-guessed here.

### Failure to Prepare for Trial

Petitioner asserts conclusorily that Michael Wilson generally failed to adequately prepare for trial. On post-conviction review Judge Beachley noted Wilson's post-conviction testimony and found that petitioner had "utterly failed to meet his burden of proof on deficient performance by trial counsel." Paper No. 11, Ex. 14.

Petitioner's claim is not supported by the record. Petitioner testified on post-conviction review that he had met with Wilson a number of times prior to trial, presented him with the charging documents, and discussed the case. Paper No. 11, Ex. 13 at 14-15, 17, 20, & 23. Further, Wilson offered post-conviction testimony that he had examined the State's discovery and had discussed the case with petitioner. *Id*., Ex. 13 at 35-37. There is no showing here of a denial of effective assistance in regard to Wilson's defense preparation. Judge Beachley's decision is unassailable.

### Cumulative Error

Petitioner contends that the foregoing allegations of error, considered cumulatively, were tantamount to a denial of a fair trial. This claim does not warrant habeas relief. Because none of the issues raised by petitioner could be considered error, he cannot string them together in hopes of forming a constitutional violation. *See Fisher v. Angelone*, 163 F.3d. 835, 852-53 (1998) (noting that with respect to claims of attorney error, like claims of trial court error, the cumulative-error analysis appraises only the effect of matters actually determined to be constitutional error and not the cumulative effect of all matters deemed deficient).

## IV.  CONCLUSION

In light of the aforementioned rulings, the Petition for habeas corpus relief shall be denied. A separate Order follows dismissing the Petition without a hearing.[8]

Filed: October 26, 2005                                  _/s/_____
                                                          Andre M. Davis
                                                          United States District Judge

---

[8] The Office of the Attorney General has not served petitioner with copies of the exhibits which are attached to the respondents' answer in this case, a practice which the Fourth Circuit has recently condemned. *See Thompson v. Greene*, No. 03-7401(4th Cir. October 25, 2005)(published). Nevertheless, petitioner has not sought copies of the exhibits and, indeed, he has elected to file no further papers in support of his claims, although he received the respondents' answer (without exhibits) nearly two months prior to the issuance of this Memorandum. There is no basis to believe that the state post-conviction judge's findings and conclusions could be upset under the applicable standard of review even if copies of the exhibits had been provided. Accordingly, the court will not require that respondents serve petitioner with the exhibits under the circumstances.